UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| REWC LAND MANAGEMENT, INC., ) </br> ) </br> *Plaintiff*, ) </br> ) </br> v.                                                ) </br> ) </br> CARBON FILTRATION SYSTEMS, INC., ) </br> ) </br> *Defendant*. ) | Case No.:  3:19-cv-30057 |

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>**
**<u>TO PLAINTIFF'S COMPLAINT</u>**

Defendant Carbon Filtration Systems, Inc. ("CFS") hereby answers and asserts affirmative defenses to the Complaint filed by Plaintiff REWC Land Management, Inc. ("REWC") as set forth below.  CFS is not required to respond to section headings within the Complaint; however, to the extent those section headings contain assertions or allegations, they are denied.

**PARTIES**

1. CFS is without knowledge and/or sufficient information to form a response to this paragraph.

2. Admitted.

**FACTS**

3. Admitted.

4. Admitted.

5. Denied, as phrased.

6. Admitted that the project began on May 2, 2018.  Denied that the project lasted until June 13, 2018.

1

7. Denied. Upon information and belief, it was REWC, through Collins, that requested prevailing wage rates. The Town denies that it directed or instructed CFS to charge for their labor hours on the project at the applicable prevailing wage even though a prevailing wage sheet and job classifications were discussed. Moreover, there was no agreement on the period of time for which any prevailing wages would be paid. Ultimately, the Town of Dalton did not pay prevailing wage so a condition precedent was not met.

8. Admitted that REWC supplied some labor, fuel and equipment to the project, as did CFS and Town employees, but CFS is without knowledge and/or information sufficient to form a belief that REWC provided the "majority". .

9. Admitted that CFS has paid REWC $80,128.19. Denied that REWC has an unpaid balance due of $123,286.20 and further denied that REWC properly billed CFS $203,414.39.

10. Admitted.

11. Admitted that the federal court lawsuit eventually settled following mediation and numerous follow-up conferences with the court and counsel, but denied that the case was settled on January 31, 2019. Pursuant to the settlement, the Town of Dalton ultimately paid only a fraction of the invoice amounts and did not pay prevailing wage. Rather, the Town of Dalton paid an amount roughly equal to CFS's out of pocket expenses on the project and its legal fees to file a claim and to prosecute the federal court lawsuit.

12. Denied.

## JURISDICTION

13. Admitted.

14. Admitted.

15. Admitted.

16. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

17. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, the language within M.G.L. c. 223A, § 3 *et seq.* speaks for itself. To the extent the allegations in the paragraph differ from M.G.L. c. 223A, § 3 *et seq.*, they are denied.

## COUNT I
## BREACH OF CONTRACT

18. Denied.

19. Denied. There was no contract between CFS and REWC or if there was it was voidable. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied. Further, any services REWC provided were knowingly performed without any written contract existing as between CFS and the Town of Dalton and there was no written contract as between REWC and CFS, which leaves contractors and sub-contractor at their peril. A condition precedent to payment of prevailing wages to REWC was not met.

20. Denied. Any benefit accepted and/or accruing by virtue of REWC providing some services, which admittedly REWC did provide, were for the benefit of the Town of Dalton. The Town of Dalton later repudiated the quality of the services REWC provided, the costs

charged and the method of remediation selected. Further, there was no written contract between CFS and REWC, CFS and the Town of Dalton, or REWC and the Town of Dalton.

21. Denied.

22. Denied.

23. Denied.

## COUNT II
## QUANTUM MERUIT

24. CFS incorporates its responses to paragraphs 1-23 of the Complaint as if fully stated herein.

25. Denied. REWC provided services to benefit the Town.

26. Denied. Upon information and belief, REWC provided services in hopes of "scoring" a prevailing wage project with the help of Mr. Collins' friend, business acquaintance and Town employee John Roughley. The Town, however, denied the existence of a contract, contested the invoices and failed to pay prevailing wage.

27. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied. REWC has already received reasonable compensation of $80,128.19 from CFS for the services rendered.

28. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied. REWC, a Massachusetts contractor, is familiar with Massachusetts municipal law requiring that any contract entered into by a municipality for services amounting to over $10,000 or greater must be in writing. There was no such written contract here. REWC knowingly assumed the risk of payment in hopes of "scoring" a prevailing wage project with the help of Mr. Collins' friend, business acquaintance and Town employee

John Roughley.  The Town, however, ultimately denied the existence of a contract, contested the invoices and failed to pay prevailing wage.

29. Denied, as phrased.  CFS admits that it did pay REWC $80,128.19, but as it turned out given the Town of Dalton's contentious legal positions the possibility of payment based on prevailing wages turned out to be unrealistic and a mutual mistake of fact.  The Town did not ultimately pay prevailing wages.

30. Denied.

## COUNT III
## CHAPTER 93A CLAIM

31. CFS incorporates its responses to paragraphs 1-30 of the Complaint as if fully stated herein.

32. Denied.

33. This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the language within M.G.L. c. 93A speaks for itself.  To the extent the allegations in the paragraph differ from M.G.L. c. 93A, they are denied.

34. This paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the language within M.G.L. c. 93A speaks for itself.  To the extent the allegations in the paragraph differ from M.G.L. c. 93A, they are denied.

35. This preposterous paragraph is denied.  It calls for a legal conclusion to which no response is required.  To the extent a response is required, the language within M.G.L. c. 93A speaks for itself.  To the extent the allegations in the paragraph differ from M.G.L. c. 93A, they are denied.

36. Denied.

37. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to allege jurisdiction over the subject matter at issue.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to allege jurisdiction over the persons named as parties.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to allege proper venue for the action.

### FIFTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitation.

### SIXTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred, in whole or in part, by waiver, estoppel, laches, unclean hands and mutual mistake of fact in believing that the Town of Dalton had agreed with the remediation methods selected and would pay prevailing wage.

### SEVENTH AFFIRMATIVE DEFENSE

CFS breached no duty owed to REWC through any alleged agreement between the parties or otherwise.

### EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred, in whole and in part, by the failure of REWC to mitigate its damages.

### NINTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by prior payment of $80,128.19 from CFS to REWC and the doctrine of accord and satisfaction. The past payment of $80,128.19 is reasonable value for the services and equipment REWC provided.

### TENTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred, in whole or in part, because REWC engaged in unfair and deceptive acts as against CFS, and by extension the Town of Dalton, by billing for services it did not actually perform for the project, improperly allocating overhead to this project, inflating the costs it incurred and the extent of services it actually provided for the project.

### ELEVENTH AFFIRMATIVE DEFENSE

CFS has already paid REWC $80,128.19 for this project and what REWC now seeks is additional payment based on inflated and improper invoices, which CFS does not owe.

### TWELFTH AFFIRMATIVE DEFENSE

REWC's purported ch. 93A claim is bogus and brought in bad faith in a misguided effort to attempt to exert leverage predicated on false representations of fact and misapplication of applicable law. REWC's filing such a claim amounts to abuse of process because it is an improper use of the court's process, REWC's possesses an ulterior or improper motive in exercising such illegal use of process (i.e., attempting to exert economic leverage against CFS), and CFS has incurred damage in the form of litigation fees and costs from REWC's abuse of process.

**THIRTEENTH AFFIRMATIVE DEFENSE**

REWC had ample opportunity to seek to move to intervene in the prior federal court proceeding but failed to do so.  Instead, in violation of Rule 24 of the Federal Rules of Civil Procedure, Rule 3.4 of the Massachusetts Rules of Professional Conduct, and/or M.G.L. c. 268, § 34, REWC knowingly caused to be sent at least one ex parte communication to the federal court in a direct and misguided effort to interfere with CFS's rights in that proceeding.  Accordingly, REWC should be estopped from pursuing this action.

**FOURTEENTH AFIRMATIVE DEFENSE**

REWC's outlandish use of the "Avenatti-like" words "to extort payment" is impertinent or scandalous and, accordingly, should be stricken from the pleadings pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

**FIFTEENTH AFIRMATIVE DEFENSE**:

REWC's claim that CFS stopped "payment on a check in partial payment to REWC" is false.  CFS did not pay REWC by check.

**SIXTEENTH AFFIRMATIVE DEFENSE**

REWC, based on inflated costs and deficiently detailed invoices, caused the Town of Dalton not to pay CFS absent very expensive litigation.  REWC failed to pay or agree to pay any of the legal fees CFS incurred in an effort to obtain what ultimately amounted to only a partial recovery against the Town.  If REWC wants to try to collect prevailing wages, REWC must share in not only the expense of those legal fees but also in the "haircut" CFS had to take in order to settle the federal court action

**SEVENTEENTH AFFIRMATIVE DEFESNE**

The Town has denied REWC successfully managed all emergency bypass operations for the Town, as Town employees had to intervene in operations on several occasions, and further asserted it was learned afterwards that REWC set up the bypass system in a way that was inefficient and hindered operations.  The Town further challenged the method of remediation which REWC recommended, denied an agreement for a "buddy system" 24/7, denied that Mr. Roughley agreed that two pumps should be present at all times, denied any discussion with Mr. Roughley about various methods of pumping the sewage, denied directing or instructing CFS as to what employee classifications to use under prevailing wage, denied the total amount allegedly due, denied any agreement on the daily labor rate for workers, and denied that management of operations was with prior agreement with Town personnel.  In short, the Town contested virtually every material fact.  The Town further asserted that the bypass system is what could and should have been done using an unmanned telemetry system.

**EIGHTEENTH AFIRMATIVE DEFENSE**

The Town has denied that two REWC workers were present at the site at virtually all times; although the Town was charged for town workers being present at the site. Further answering, the Town has denied that having two workers present at the site was "previously agreed."

**NINETEENTH AFFIRMATIVE DEFENSE**

The Town has admitted that the primary pump in the bypass system failed on at least four occasions; but denied that the failure required manpower at the site 24 hours a day as REWC directed be done.  Further answering, the Town indicated it learned afterwards that set up of the bypass system was done in a way that was inefficient and hindered operations.

## TWENTIETH AFFIRMATIVE DEFENSE

The Town sought to exert economic leverage over CFS by refusing to pay invoices while work was being performed ongoing and, near end of the project, the Town finally offered to pay only $24,000 – a mere 9 cents on the dollar.  Meanwhile, CFS had already paid REWC the sum of $80,128.19 predicated, in part, on what was later learned were REWC's misrepresentations made to CFS and a mutual mistake of fact as to prevailing wage.  In conjunction with REWC and Mr. Collins' friend, business acquaintance and Town of Dalton employee John Roughley, it was represented to CFS as work progressed that the Town would soon pay CFS the invoiced amounts, which included charges for REWC, so REWC wanted CFS to pay REWC. Those representations (Collins and Roughley) were untrue yet REWC benefitted from the ongoing promise of payment by collecting $80,128.19 from CFS at a time that the Town was not paying CFS.  REWC, which got CFS involved in this project, then left CFS on its own to finance all the legal fees required to bring a complex federal court action against the Town in an effort to recover more than the $24,000 the Town had previously offered to pay.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Town of Dalton denied that the Town had a contract with CFS.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Town of Dalton contends there was no contract with CFS so, by extension, there was no contract as between REWC and CFS.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

There was no meeting of the minds or agreement between CFS and REWC such that it could form a contract between the parties or any resulting breach thereof.  A condition precedent was not fulfilled.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Since there was neither an agreement between the parties nor any breach thereof by CFS, REWC cannot prove by a preponderance of the evidence that it has suffered any damages resulting from any action or inaction by CFS.  REWC chose to continue providing services, knowing the Town wasn't paying CFS, and REWC should have timely pursued its own claim directly against the Town of Dalton but failed to do so.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Due to REWC's unique involvement in the project from the outset and Mr. Collins' prior personal and business relationships with the Town of Dalton and certain Town officials, particularly Mr. Roughley, CFS had no duty to pay REWC prevailing wage in the event that the Town failed to pay CFS prevailing wage.  REWC assumed the risk in the event of the Town's nonpayment for the services it provided.

**TWENTY-SIXTH AFFIRMATIVE DEFESNE**

REWC has waived, and is time barred from pursuing, any claim against CFS based on prevailing wage by failing to bring timely a claim against the Town of Dalton as required by M.G.L. c. 149, § 28.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent REWC seeks to collect payments based on prevailing wage rates, REWC is estopped from seeking damages based on mutual mistake, failure of a condition precedent and because it knowingly failed to pursue its private right of action pursuant to M.G.L. c. 149, § 28 before it was time-barred from doing so.  Moreover, the Town of Dalton disputed prevailing wage claims and ultimately did not pay prevailing wage.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

REWC's quantum meruit claim is unavailing. As it turns out, REWC was paid in full for the value of services provided on the entire project and it did not confer any measureable benefit upon CFS. Rather, the services REWC performed on the project were actually a detriment and a significant liability to CFS. CFS not only paid REWC $80,128.19 with no payment having been received from the Town, but CFS also incurred significant project costs on its own and paid significant legal fees to pursue a claim and federal court lawsuit against the Town of Dalton. .

### TWENTY-NINTH AFFIRMATIVE DEFENSE

REWC's quantum meruit claim is unavailing because its reasonable expectation of receiving compensation from CFS cannot exceed the amount that CFS has already paid to REWC, to wit: $80,128.19. REWC has already been paid the reasonable value of the services provided.

### THIRTIETH AFFIRMATIVE DEFENSE

CFS did not accept any benefit with knowledge of REWC's reasonable expectation of receiving further compensation from CFS in an amount exceeding what CFS has already paid to REWC, to wit: $80,128.19.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

REWC's ch. 93A claim is unavailing because CFS not only paid REWC $80,128.19 but CFS also did not intend to, nor did, extract any unfair advantage from REWC to which CFS was not otherwise entitled. Instead, it was REWC's behavior in demanding to be paid at inflated invoice prices after failing to pursue timely its private right of action for prevailing wage, together with its efforts to unreasonably inflate its project costs, which had an extortionate quality giving it the rancid flavor of unfairness to CFS.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

REWC's ch. 93A claim is unavailing because CFS's conduct is not within the penumbra of a common law, statutory or other established concept of unfairness. Instead, it was REWC's behavior in demanding to be paid at the prevailing wage law after knowing the Town refused to make any payment as work progressed and failing to pursue its private right of action, together with its efforts to unreasonably inflate its project costs, which had an extortionate quality giving it the rancid flavor of unfairness to CFS.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

REWC's ch. 93A claim is unavailing because CFS did not fail to pay REWC in order to obtain any advantage against REWC. CFS paid REWC $80,128.19. It was the Town of Dalton that failed to pay CFS, in part based on REWC's actions and inactions on the project. Thus, a condition precedent was not met.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

REWC's ch. 93A claim is unavailing because REWC is a sophisticated party that knew or reasonably should have known the practical, business-related impact of its decisions to continue to demand payment at the prevailing wage rate for 24/7 workers on a project for which the Town of Dalton had failed and refused to make any payment let alone payment at prevailing wage. REWC unreasonably demanded payment for tens of thousands of dollars of inappropriate charges without providing any backup documentation and inappropriately allocating certain overhead expenses to this particular project. Moreover, REWC, a contractor familiar with M.G.L. c. 30B, § 17 (the state public works provision requiring a written contract with a municipality for services performed in excess of $10,000), knew there was no written contract as

between CFS and the Town of Dalton and therefore assumed the risk of non-payment per MA law.  See *International Salt Co. v. City of Boston*, 590 F.3d 1 (1st Cir. 2009).

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Town of Dalton contended that the services provided were not only inconsistent with industry standards but that a substantial portion of the amounts it was charged for around the clock daily labor at prevailing wages, including overtime and materials, were for unnecessary services at excessive charges and the Town refused to pay for unnecessary services and excessive charges (i.e. REWC).

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The purported contract on which REWC files suit does not exist for lack of definiteness. The preliminary discussions as between the Town of Dalton, CFS and REWC were not sufficiently definite and certain, the nature of the obligations not ascertained nor rights determined as evidenced, in part, by the Town of Dalton's adamant refusal to pay prevailing wage.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

If REWC establishes that a contract was formed with CFS, the contract was voidable on the basis of mutual mistake of fact and/or law.  The mistakes related to a basic assumption on which the contract was made (i.e. that Town of Dalton would in fact pay prevailing wage) and said mistake had a material effect on the agreed exchanges of performance.  The mistake of law regarding prevailing wage obligations was made by both parties - REWC and CFS - at the time of allegedly contracting

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

If REWC establishes that a contract was formed with CFS, the contract is voidable on the basis of unilateral mistake because enforcement of the contract would be unconscionable, in part, because the Town of Dalton did not ultimately pay prevailing wage.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

The alleged contract to pay REWC prevailing wage is not enforceable on the basis of unconscionability.

**FORTYIETH AFFIRMATIVE DEFENSE**

The alleged contract to pay REWC prevailing wage is not enforceable on the basis of impossibility or impracticability because of (i) the occurrence of an event that has made performance impossible or unreasonably difficult; and (iii) the nonoccurrence of the event (i.e. Town would pay prevailing wage) that was a basic assumption upon which the alleged contract between REWC and CFS was made; and (iii) the event and nonoccurrence were without fault of CFS.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

The alleged contract to pay REWC prevailing wage is voidable or not enforceable on the basis of failure of condition precedent, an implied condition, a constructive condition and/or a concurrent condition.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Upon information and belief, REWC failed to comply with M.G.L. c. 149 § 27B by not submitting weekly to the Town of Dalton certified payroll records accompanied by a statement signed by REWC. In addition, REWC, as subcontractor, failed to furnish to the Town of Dalton

directly within fifteen days after completion of its portion of the work a Statement of Compliance, thus barring a claim for prevailing wage.

**WHEREFORE,** the Defendant, Carbon Filtration Systems, Inc., respectfully requests that the Court:

    A.    Enter judgment for CFS on all counts of the Complaint;

    B.    Award CFS its costs, including attorneys' fees; and

    C.    Grant such other and further relief as the Court deems just and proper.

## RESERVATION OF RIGHTS

CFS reserves its rights to amend and/or supplement its Answer, including limitation its rights to assert additional defenses.

    Respectfully submitted,

    Defendant,
    **CARBON FILTRATION SYSTEMS, INC.**
    By its Attorneys,

Dated: April 24, 2019    /s/ Paul M. Sanford
    Paul M. Sanford (BBO #566318)
    Richard B. Lumley (BBO #697264)
    Burns & Levinson LLP
    One Citizens Plaza, Suite 1100
    Providence, RI 02903
    Tel: (401) 831-8330
    Fax: (401) 831-8359
    psanford@burnslev.com
    rlumley@burnslev.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of April, 2019, a true copy of the above document was served upon the Plaintiff's attorney of record by U.S. mail at the address below:

Michael E. MacDonald, Esq.
Law Office of Michael E. MacDonald
P.O. Box 1145
550 Cheshire Road
Pittsfield, MA  01202

/s/ Paul M. Sanford
Paul M. Sanford (BBO #566318)

4840-0737-2180.1