COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss                                           SUPERIOR COURT

REWC LAND MANAGEMENT, INC.,)
PLAINTIFF,                  )
                            )
                            )    CIVIL ACTION NO: 1976CV00078
v.                          )
                            )
CARBON FILTRATIONS SYSTEMS, )
INC.                        )
DEFENDANT.                  )

COMPLAINT

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE S.S. SUPERIOR COURT
FILED   MAR 27 2019   FILED

Plaintiff, **REWC LAND MANAGEMENT, INC.** ("REWC"), hereby files its Complaint against Defendant, **CARBON FILTRATION SYSTEMS, INC.** ("CFS"), and alleges as follows:

### PARTIES

1. REWC is a Massachusetts business corporation with a principal place of business at 382 Churchill Street, Pittsfield, Massachusetts.

2. CFS is a Rhode Island business corporation with a principal place of business at 68 Mill Street, Johnston, Rhode Island, 02919.

### FACTS

3. CFS was the general contractor to the Town of Dalton, Massachusetts ("Dalton") in responding, on an emergency basis, to a sewer line break which occurred in Dalton on or about May 2, 2018 and which resulted in the discharge of raw sewage to the Housatonic River (the "Project").

4. REWC was the sole subcontractor to CFS on the Project.

5. The Project required construction of a basin to collect leaking sewage before it reached the river, the construction of a temporary by-pass piping system to divert sewage around the broken sewer line, the supply of large sewer pumps (one primary and one back-up) to pump the sewage through the temporary pipe system and out of the basin and around the clock



staffing of the entire temporary system to assure that no additional discharge to the river occurred.

6. The Project lasted from May 2, 2018 to and including June 13, 2018.

7. CFS and REWC were directed by Dalton personnel to charge for their labor hours on the Project at the applicable prevailing wage rates.

8. REWC provided the majority of the labor, fuel and equipment to the Project.

9. REWC billed CFS $203,414.39 of which CFS has paid REWC $80,128.19, leaving an unpaid balance of $123,286.20.

10. CFS filed suit against Dalton in the Massachusetts Federal District Court in Springfield, Massachusetts on August 8, 2018 docketed as Case No: 3:18-CV-30131.

11. CFS and Dalton settled the case following Mediation on or about January 31, 2019.

12. CFS has failed and refused to pay REWC the amounts it is owed on the Project.

## Jurisdiction

13. CFS qualified with the Massachusetts Office of the Secretary of State (the "SOS") as a foreign business corporation on or about March 25, 2003.

14. CFS filed its 2018 annual report with the SOS on or about February 4, 2019.

15. CFS conducted business in the Commonwealth of Massachusetts by performing work on the Project.

16. CFS availed itself of the benefit of access to the courts located in the Commonwealth of Massachusetts by filing and prosecuting the action described in paragraph 10 above.

17. This Court has jurisdiction over CFS pursuant to C. 223A M.G.L. § 3 et. seq.

## COUNT I
### Breach of Contract

18. REWC repeats and re-asserts the allegations contained in paragraphs 1 through 17 above.

19. CFS contracted with REWC for services in connection with the Project.

20. CFS received and accepted the benefit of the services provided by REWC as its subcontractor.

21. CFS has failed to pay REWC, in full, for its services.

22. CFS is in breach of its contract with REWC.

23. REWC has suffered damages in the amount of $123,286.20.

    **WHERFORE**, the Plaintiff, REWC, demands judgement against the Defendant, CFS, in the amount of $123,286.20, plus statutory interest and costs and such other relief as this Court deems appropriate.

## COUNT II
### Quantum Meruit

24. REWC repeats and re-asserts the allegations contained in paragraphs 1 through 23 above.

25. REWC provided valuable services to CFS on the Project which were of a measurable benefit to CFS.

26. REWC's services were provided to CFS at the request of CFS and with the consent of CFS.

27. REWC had a reasonable expectation of receiving compensation from CFS.

28. CFS accepted the benefit of REWC's services with knowledge of REWC's expectation of receiving compensation.

29. CFS's knowledge of REWC's expectation of payment is evidenced by CFS's partial payment, including its making of one payment by a check which it then directed its bank not to honor.

30. CFS has not paid REWC for the full value of the services provided.

    **WHEREFORE, REWC** respectfully requests that this Court enter judgment against CFS in quantum meruit for the services provided and award damages in an amount to be determined at trial, plus costs, interest and such further relief as the Court deems just and equitable.

## COUNT III
### Chapter 93A Claim

31. REWC repeats and re-asserts allegations contained in paragraphs 1 through 30 above.

32. REWC and CFS are "persons" within the meaning of c. 93A M.G.L. §1.

33. REWC and CFS are each "merchants" in their respective lines of business, as such term is defined in Chapter 93A, M.G.L.

34. REWC and CFS engaged in trade or commerce as defined in c. 93A M.G.L.

35. CFS's actions in: (i) stopping payment on a check in partial payment to REWC; and (ii) its multiple attempts to extort payment from REWC for CFS legal fees as a condition of allowing REWC to participate in the mediation which lead to settlement of the litigation between CFS and Dalton; and (iii) CFS' failure to pass through to REWC moneys collected from Dalton on account of REWC's work on the Project, constitutes unfair and deceptive acts and practices in violation of c. 93A M.G.L. §11.

36. These acts and practices were knowingly and willingly committed by CFS.

37. As a direct and proximate result of CFS' unfair and deceptive acts and practices, REWC has sustained monetary injuries.

**WHEREFORE, REWC** respectfully requests that this Court enter judgment against CFS in violation of Chapter 93A M.G.L. § et seq. in the full amount of REWC's damages, that such amount be doubled or trebled in accordance with the provisions of Chapter 93A M.G.L., that the Court award REWC its attorney's fees in prosecuting this suit and that he Court assess interest, costs and such further relief as this Court deems just and equitable. for the services provided and award damages in an amount to be determined at trial, plus costs, interest and such further relief as the Court deems just and equitable.

Respectfully submitted,

**REWC LAND MANAGEMENT, INC.**

By: Its' Attorney

*/s/ Michael E. MacDonald*
Michael E. MacDonald, Esquire
The Law Offices of Michael E. MacDonald
Post Office Box 1145
Pittsfield, Massachusetts 01202-1145
BBO No: 310610
Telephone No: (413) 629-2042
Facsimile No: (413) 445-5883

Dated: March 27, 2019

## CERTIFICATE OF SERVICE

I, hereby certify that on this date, I served a copy of the foregoing document by (mailing) postage prepaid / by hand delivery.

By: */s/ Michael E. MacDonald* 3/27/2019



## COMMONWEALTH OF MASSACHUSETTS

**BERKSHIRE, ss**                                        **SUPERIOR COURT**

---

| | |
|---|---|
| REWC LAND MANAGEMENT, INC., ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> CARBON FILTRATIONS SYSTEMS, ) <br> INC. ) <br> DEFENDANT. ) | CIVIL ACTION NO: <br> 1976CV00078 |

## UNIFORM COUNSEL CERTIFICATION FOR CIVIL CASES

I, **MICHAEL E. MACDONALD**, hereby state that I am the attorney-of-record for the Plaintiff, **REWC LAND MANAGEMENT, INC.**, in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules of Dispute Resolution (SJC Rule 1:18) which states in part: "...Attorneys shall: provide their clients with this information about court-connected dispute resolution services;   discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent...," I hereby certify that I have complied with this requirement.



THE LAW OFFICES OF
MICHAEL E. MACDONALD
991 Shaw Road
Windsor, MA 01270
Tel. (413) 629-2042
Fax (413) 499-5813
nike.macdonald@petricca.com

1

X:\Corporate\Legal\REWC Land Management, LLC\190327UCC.docx

Respectfully submitted,

**REWC LAND MANAGEMENT, INC.,**

It's Attorney:

By: _/s/ Michael E. MacDonald_
Michael E. MacDonald, Esquire
Law Office of Michael E. MacDonald
Post Office Box 1145
Pittsfield, MA   01202-1145
Telephone Number:   (413) 629-2042
Facsimile Number:   (413) 499-5813
BBO Number:         310610
Email: mike.macdonald@petricca.com

Dated:   March 27, 2019

THE LAW OFFICES OF
MICHAEL E. MACDONALD
991 Shaw Road
Windsor, MA 01270
Tel. (413) 629-2042
Fax (413) 499-5813
nike.macdonald@petricca.com

2

X:\Corporate\Legal\REWC Land Management, LLC\190327UCC.docx

Michael E. MacDonald

P. O. Box 1145
550 Cheshire Road
Pittsfield, MA 01202-1145
mike.macdonald@petricca.com

LAW OFFICE OF MICHAEL E. MACDONALD

CONSTRUCTING SOLUTIONS

March 27, 2019

**BY HAND**
Deborah S. Capeless, Clerk of Courts
Berkshire County Superior Court
Silvio O. Conte Courthouse
76 East Street
Pittsfield, Massachusetts 01201

Re:   REWC Land Management, Inc. v. Carbon Filtration Systems, Inc.

Dear Ms. Capeless:

Enclosed for filing in connection with the above-noted matter, please find the following together with The Law Offices of Michael E. MacDonald's check in the amount of $285.00, which includes the cost for two (2) Summons:

1. Civil Action Cover Sheet;

2. Plaintiff's Complaint; and

3. Uniform Counsel for Certification.

Thank you for your attention to this matter.

Cordially yours,

Kirsten M. Rocca,
Paralegal

MEM/kmr
cc:   Michael E. MacDonald, Esquire
      REWC Land Management, Inc.
      (Both by email & w/enclosures)
Enclosures